IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEMOLITION AND ERECTION SERVICES, INC., f/k/a C. REED DAVIS CONTRACTORS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CMC CONSTRUCTION COMPANY, INC., | ) ) | No. 3:03-CV-454 |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| KNIGHT/JACOBS JOINT VENTURE, | ) ) | |
| Third-Party Defendant/ Counter Plaintiff. | ) ) | |

## MEMORANDUM OPINION

Presently before the court is the motion to dismiss filed by third-party defendant UT-Battelle, LLC [doc. 52]. For the reasons that follow, the motion will be denied.

I.

*Background*

Third-party defendant Knight/Jacobs Joint Venture is the construction manager for the Spallation Neutron Source ("SNS") Project at the Oak Ridge National Laboratory.

Third-party plaintiff CMC Construction Company, Inc. is a subcontractor to Knight/Jacobs for substructure work on the "Target Building" portion of the project. Conflict arose regarding the quality and timeliness of CMC's work. As a result, the scope of CMC's subcontract was reduced.

By its third-party complaint, CMC alleges that it has performed all its remaining contractual obligations and is therefore due $1,867,596.37. Knight/Jacobs denies liability for this amount and, by its counterclaim, seeks damages for breach of contract (increased costs plus funds allegedly retained by CMC that should have been paid to CMC's subcontractors).

On December 30, 2004, CMC amended its third-party complaint to add UT-Battelle (the SNS prime contractor) as an additional third-party defendant. The amended pleading seeks to recover from UT-Battelle only "under the theory of *quantum meruit*, unjust enrichment or quasi-contract" because "Knight/Jacobs and UT-Battelle have been unjustly enriched by receiving the benefit of work performed by CMC Construction without making payments for such work."[1]

---

[1] "Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same. . . . They are founded on the principle that a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so." *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966).

2

II.

*Analysis*

Tennessee law governs the present dispute. The absence of contractual privity between CMC and UT-Battelle is no obstacle to recovery under an unjust enrichment theory. *See Paschall's,* 407 S.W.2d at 154. UT-Battelle argues instead that the claim should be dismissed as premature because the litigation between CMC and Knight/Jacobs has not yet concluded, citing the general rule that "before recovery can be had . . . on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services." *Id*. at 155. Cases subsequent to *Paschall's* have dismissed unjust enrichment claims where the underlying suit between the contracting parties remained pending. *See AmSouth Erectors, LLC v. Skaggs Iron Works, Inc.*, No. W2002-01944-COA-R3-CV, 2003 WL 21878540, at *6 (Tenn. Ct. App. Aug. 5, 2003); *Window Gallery of Knoxville v. Davis*, No. 03A01-9906-CH-00225, 1999 WL 1068730, at *4 (Tenn. Ct. App. Nov. 24, 1999).

The exhaustion of remedies requirement "is a judge-made doctrine whose purpose is to winnow out claims that are not ripe for adjudication." *Window Gallery*, 1999 WL 1068730, at *3 (citation and quotation omitted).

> Determining whether a controversy is ripe enough to be justiciable involves a two-part inquiry. The court must first determine whether the issues are of the type that would be appropriate for judicial determination. Then the court must consider the hardship that declining to consider the case will have on the parties. The courts will decline to act in cases where there is no need for the court to act or where the refusal to act will not prevent the parties from raising the issue at a more appropriate time.

*Id*. (citations, quotation, and emphasis omitted). Whether a claimant has exhausted its remedies "so as to allow it to pursue an unjust enrichment claim . . . must be determined by the facts of each individual case." *Id*.

On the unique facts of the present case, the court concludes that the ripeness/exhaustion of remedies doctrine does not mandate dismissal of UT-Battelle at the present time. Most importantly, the record indicates that CMC and Knight/Jacobs at one point reached a tentative settlement agreement. However, UT-Battelle "rejected" the settlement. [Doc. 62, Ex. E, p. 359-60]. The *Window Gallery* court recognized that the exhaustion of remedies requirement may not apply where the record suggests that litigation against the contracting party may be "futile in nature." *Window Gallery*, 1999 WL 1068730, at *4. Another Tennessee court has retained an unjust enrichment defendant for purposes of "settlement negotiations and mediation." *Bennett v. Visa U.S.A., Inc.*, No. Civ. A. 35126, 2004 WL 2115353, at *7 (Tenn. Ch. Ct. Aug. 27, 2004).

This court encourages mediation and settlement efforts in all litigation. The record suggests that continued settlement negotiations in the present case would bear a degree of futility absent UT-Battelle's participation. *See Window Gallery*, 1999 WL

4

1068730, at *4. The court considers that futility to be a "hardship that declining to consider the case [against UT-Battelle] will have on the parties." *Id*. at 3 (quotation omitted).

The court further notes evidence of UT-Battelle's involvement in the contract modification process that underlies the CMC-Knight/Jacobs dispute. [Doc. 62, Ex. E, p. 36, 87-88, 268-71]. Lastly, the court observes that Knight/Jacobs and UT-Battelle are represented by the same attorney. UT-Battelle's inconvenience secondary to its continued presence in this case should therefore be minimized.[2]

The motion to dismiss will be denied with leave to renew if appropriate. An order consistent with this memorandum will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] UT-Battelle's alternate theory - that unjust enrichment claims can be pursued only against "landowners" - is unpersuasive. Although the *Paschall's* court made frequent use of the word "landowner," that terminology is not surprising as the defendants therein were the owners of the land that the plaintiff had improved. Elsewhere, Tennessee courts have entertained *quantum meruit* claims against third parties other than landowners. *See, e.g., Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592 (Tenn. 1998) (lenders); *Freeman Indus. LLC v. Eastman Chem. Co.*, No. E2003-00527-COA-R9-CV, 2004 WL 1102435 (Tenn. Ct. App. Oct. 4, 2004) (manufacturers); *Bennett*, 2004 WL 2115353 (credit card companies). UT-Battelle is thus not subject to dismissal merely because it does not own the land upon which the SNS project is located.

5